PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__HOUSTON__ DIVISION

SEP 23 2020

David J. Bradley, Clerk of Court

__BOBBY SMITH--SPN#01546710, CLIFFORD FAIRFAX--SPN#02297368__
Plaintiff's Name and ID Number __and on their own and on behalf of a class of other similarly situated.__

__HARRIS COUNTY, TEXAS JAIL__
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

__ED GONZALES- Sheriff of Harris County, Texas, 1200 Baker Street, Houston,__
Defendant's Name and Address __Texas 77002__

__JOHN DOE I - Chief of Harris County, Texas Jail, 1200 Baker Street,__
Defendant's Name and Address __Houston, Texas 77002__

__HARRIS COUNTY, TEXAS OFFICIALS, 1001 Preston Street, Houston, Texas__
Defendant's Name and Address __77002__

(DO NOT USE "ET AL.")
__TEXAS DEPT. OF CRIMINAL JUSTICE__ ✓ PAROLE DIVISION __8601 Shoal Creek Blvd., Austin, Texas 78711__

INSTRUCTIONS - READ CAREFULLY

NOTICE:

Your complaint is subject to dismissal unless it conforms to these instructions and this form.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "...if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES  X  NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
      1. Approximate date of filing lawsuit:_____
      2. Parties to previous lawsuit:

        Plaintiff(s)_____

        Defendant(s)_____
      3. Court: (If federal, name the district; if state, name the county.)_____
      4. Cause number:_____
      5. Name of judge to whom case was assigned:_____
      6. Disposition: (Was the case dismissed, appealed, still pending?)_____
      7. Approximate date of disposition:_____

II.     PLACE OF PRESENT CONFINEMENT: Harris County, Texas Jail

LL052-8-16

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? X YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution. (NOTE: Harris County, Texas Jail Officials do not provide copies of grievances)

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Bobby Smith, Clifford Fairfax and on their own and on behalf of a class of other similarly situated, 1200 Baker Street -- Harris County Jail, Houston, Texas 77002

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Ed Gonzales -- Sheriff of Harris County, Texas, 1200 Baker Street, Houston, Texas 77002
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Deliberately exposing/subjecting me and others to Coronavirus

Defendant #2: John Doe I -- Chief of Harris County, Texas Jail, 1200 Baker Street, Houston, Texas 77002
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Deliberately exposing/subjecting me and others to Coronavirus

Defendant #3: Harris County, Texas Officials, 1001 Preston Street, Houston, Texas 77002
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Deliberately exposing/subjecting me and others to Coronavirus

Defendant #4: Texas Dept of Criminal Justice - Parole Division, 5601 Shoal Creek Blvd, Austin, Texas 78711
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Deliberately exposing/subjecting me and other to Coronavirus

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

3

LL052-8-16

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes</u>. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

## FACTS

1. Plaintiff Bobby Smith (hereinafter "Plaintiff Smith") was arrested on February 5, 2020, by Defendants on the felony criminal charges of Burglary of a Habitation and booked in the Defendants' Harris County Jail on a $30,000 bond. Plaintiff Smith has been illegally detained in Defendants' Harris Co. Jail (hereinafter "Defendants' jail") since said date.

2. Plaintiff Clifford Fairfax (hereinafter "Plaintiff Fairfax") was arrested on July 16, 2020, by Defendants on the Texas technical
[ SEE ATTACHED PAGE #4A FOR CONTINUANCE ]

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, Plaintiffs respectfully requests for the following
[ SEE ATTACHED PAGE #4 FOR CONTINUANCE ]

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Bobby Smith and Clifford Jackson Fairfax

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ #418151 (i.e., Plaintiff Fairfax)

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ___YES ___NO

Continuance of "V. STATEMENT OF CLAIM":

parole violation of parole (hereinafter "VOP") charges of failure to report in March of 2020 and booked in the Defendants' jail without bond. Plaintiff Fairfax has been illegally detained in Defendants' jail since said date
3. Plaintiff Smith and Fairfax were not given Coronavirus (hereinafter "COVID-19") testing upon being processed into the Defendants' jail. Although, Plaintiffs were placed in 7-Days Observance per Defendants ED Gonzales (hereinafter "Defendant Gonzales") and John Doe I (hereinafter "Defendant Doe I") jail COVID-19 policy.
4. Plaintiff Smith was only given a COVID-19 test once since his detention in Defendants' jail.
5. Plaintiff Fairfax has never been given a COVID-19 test while being illegally detained in Defendants' jail, and despite of his many numerous written and verbal requests.
6. Defendants do not enforce or require for inmates in jail or jail staff to follow the Federal or Texas COVID-19 6 feet Social Distancing law... at Defendants' jail.
7. Defendants force Plaintiffs to sleep and live inches from each other at their jail.
8. Defendants do not enforce or require for plaintiffs to wear a mask, in accordance with Texas COVID-19 mask mandatory requirement law, in their jail inmates

4A

living areas and outside such jail's inmates living areas.

9. Defendants do not issue-out masks or sell masks through their commissary daily, and only issue-out masks (i.e., which are disposal) once a month to Plaintiffs. Although, Defendants issue-out disposal masks to their jail staff upon their verbal requests.

10. Defendants do not issue-out or otherwise hand sanitizer, plastic gloves, bleach or other adequate cleaning supplies or equipment to plaintiffs at their jail.

11. Defendants do not disinfect plaintiffs jail inmates living areas for COVID-19 traces or otherwise. Although, Defendants disinfect non-plaintiffs jail inmates living areas from COVID-19 traces and otherwise.

12. Defendants do not weekly or monthly or prior to release from their jail... plaintiffs for COVID-19 or re-test plaintiffs for COVID-19. Although, Defendants test and re-test their jail staff members for COVID-19 weekly/monthly.

13. Defendants have cancel Plaintiffs rights and privileges of visiting with their family members and associates since March of 2020 to this present date, and per Defendants' jail COVID-19 policy.

14. Defendants are denying Plaintiffs access to their jail's law library and access to legal reseach materials, and per Defendants' jail COVID-19 policy.

4B

15. Defendants are denying Plaintiffs wholesome jail meals and hot foods, and per Defendants' jail COVID-19 policy.

16. Defendants have cancel church services and denying Plaintiffs from exercising their religious beliefs, and per Defendants' jail COVID-19 policy.

17. Defendants have cancel all Americans with Disabilities procedures and practices, and per Defendants' jail COVID-19 policy.

18. Plaintiffs have grieved through Defendants' Inmate Grievance Procedure... each and every grievable matter as stated above; but to no avail, Defendants have wholly failed to resolve such life threatening grievable issues; thus, denied Plaintiffs grievances.

19. Defendant Greg Abbott (hereinafter "Defendant Abbott") has executed Governor of the State of Texas Executive COVID-19 Orders in March of 2020, and per Texas State laws. Although, Defendants Gonzales; Doe I; Harris County, Texas Officials, and their agents have wholly to reduce their jail plaintiffs inmate jail population and have exceeded their original plaintiffs inmate jail population and solely to misappropriate Federal Fundings and to continue modern-day slavery.

20. Defendant Abbott is fully aware that Defendants Gonzales; Doe I; Harris County, Texas officials and their agents are knowingly violating his COVID-19 Executive Orders, Federal COVID-19 laws, and

4C

Plaintiffs civil rights, but nonetheless... Defendant Abbott has refused to intervene in accordance with Texas Government Code laws and Federal laws, and the United States and Texas Constitutions.

21. Defendant Texas Department of Criminal Justice Parole Division (hereinafter "TDCJ-PD") are knowingly abusing their authority under Texas laws and Constitution by issuing blue parole warrants against Plaintiff Fairfax, other plaintiffs, and Texas parolees for trump-up/bogus violation of parole charges, and solely for Defendants' jail inmate population will continue to exceed the original inmate jail population, and guarantee that Plaintiff Fairfax and other plaintiffs will continue to be exposed to COVID-19 and get COVID-19 and suffer/die from COVID-19.

22. Defendant TDCJ-PD are also abusing their authority to guarantee that Defendants' jail will be consisted of over 50% of their inmate jail population and also will be only non-violent technical parole violators in their jail, and so the other Defendants and them can misappropriate Federal fundings.

23. Plaintiffs are suing the Defendants under their individual and/or official capacity under color of state laws.

24. At all times herein, the Defendants were acting under color of state laws.

25. Defendants are deliberately and knowingly exposing

and subjecting Plaintiffs Smith, Fairfax, and other plaintiffs jail inmates to COVID-19 to guarantee they suffer and/or die from COVID-19, and as well as -- guaranteeing the spreading of COVID-19 throughout their jail to plaintiffs and jail staff, and also to certain "citizens" of Harris County, Texas, the State of Texas and other States of this Country.

## CLAIMS

26. Defendants acts as described in paragraphs 1 through 25, supra, constitute clear violations of Plaintiff Smith, Plaintiff Fairfax, and other plaintiffs:
   a. First Amendment Right to redress of grievances;
   b. Eighth Amendment Right to bail/reasonable bail;
   c. Eighth Amendment Right to be free from cruel and unusual punishment;
   d. Fourteenth Amendment Right to access to courts;
   e. Fourteenth Amendment Right to be free from harassment and retaliation for exercising access to courts rights; and
   f. Fourteenth Amendment Right to be afforded due process and equal protection of law

27. Plaintiff Smith, Plaintiff Fairfax and other plaintiffs U.S. and Texas Constitution Rights were knowingly violated by all the Defendants when they deliberately expose and subject them to COVID-19, and also refused to comply and enforce Federal COVID-19 6 Feet Social

4E

Distancing and COVID-19 Prevention Laws, and test and regularly re-test them for COVID-19 to this present date.

28. All the Defendants violated Plaintiffs Smith and Fairfax U.S. Constitution First, Eighth, and Fourteenth Amendments Rights when they established, implemented and enforced their Defendants' jail unconstitutional COVID-19 policies and procedures solely designed to guarantee the spreading of COVID-19 to them, other plaintiffs and "citizens" of Harris County, Texas, the State of Texas and United States.

29. Defendant TDCJ-PD violated Plaintiff Fairfax U.S. and Texas Constitutions Rights when they knowingly brought bogus, false, and trump-up violation of parole charges against him during this COVID-19 crisis, and solely in retaliation of his legal activities and to guarantee that he be exposed/subjected to COVID-19 and suffer/die from COVID-19... in Defendants' jail.

30. Defendants Gonzales, Doe I, and Harris County, Texas officials knowingly violated Plaintiff Smith U.S. and Texas Constitutions Rights when they:

    a. denied him to appear in actual felony court for over seven (7) months;

    b. held in jail on an excessive $30,000.00 bail; and

    c. refused to release him from jail on a Personal Recognizance bond.

31. Defendants acts as factual described in paragraphs 1 through 25, supra., constitute clear violations of Federal

4F

COVID-19 Guidelines; COVID-19 Aid, Relief, Economy and Security Act; Americans with Disabilities Act, and also Texas Health & Safety and Government Code laws.

Continuance of "VI. RELIEF":

relief as follows:

A. Reward Plaintiffs Smith and Fairfax punitive damages in the amount of 5 million dollars a piece for such cruel punishments they suffered by Defendants
B. Reward Plaintiffs Smith and Fairfax monetary damages in the amount of 2 million dollars.
C. Certify this civil action as a class action
D. Enter a Judgment that the Defendants violated Plaintiffs Smith and Fairfax United States and Texas Constitutions Rights and also violated Federal and Texas laws.
E. Declare that Defendants' COVID-19 jail policies are unconstitutional.
F. Declare that Defendant TDCJ-PD parole pre-revocation warrant policy is unconstitutional
G. Declare that Defendant Harris County, Texas Officials denying Plaintiffs Smith and Fairfax and other plaintiffs a Personal Recognizance (PR) Bond for a non-violent and Violation of Parole charge is unconstitutional

A. Enter a temporary restraining order or preliminary injunctive relief... ordering the Defendants to do the following:

1. test each and every jail inmate for COVID-19 upon them/their agents booking a jail inmate in their jail;
2. test and re-test each and every jail inmate for COVID-19 every week;
3. issue/pass-out daily individual hand sanitizer, plastic gloves, adequate masks, and adequate cleaning supplies and equipment to each jail inmate/plaintiffs;
4. disinfest all their jail's inmate/plaintiffs living areas every 15 minutes;
5. enforce the mandatory wearing of masks in all their jail areas (e.g., dayrooms, dorm cells and etc..);
6. enforce 6 feet Social Distancing throughout their entire jail;
7. place/put 6 feet Social Distancing stickers on the jail floors throughout their entire jail;
8. issue/pass-out daily an individual roll of toilet paper to each jail inmate/plaintiffs;
9. provide each and every jail inmate/plaintiffs with an individual jail Kiosk Tablet to afford them direct access to legal research materials, movies, books, music, directories, religious

materials, Face-Time video visits, video church services, and television;

10. seperate jail inmates who tested positive to COVID-19 in special ventilator inmates housing living quarters;

11. do not accept/book-in their jail plaintiffs jail inmates who has been charged with violation of parole charges, misdemeanor and non-violent felony charges.

12. transport plaintiffs jail inmates who has been sentenced to prison and state jail time within 7 working days

13. do not transfer plaintiffs jail inmates to any other jail inmate living quarters; and

14. reduce their plaintiffs jail inmates population to 3,000 jail inmates within 45 days.

I. Immediate enter an Order for Plaintiffs Smith and Fairfax from their jail.

J. Appoint class action attorney Ben Crump, 122 S. Calhoun Street, Tallahassee, Florida 32301, telephone number 1-800-713-1222, to represent Plaintiffs Smith and Fairfax and the plaintiffs class.

K. Enter an Order declaring Plaintiffs Smith and Fairfax is under imminent danger of serious physical injury

L. Enter Temporary Restraining Order, ordering the Defendants to be prohibited from harassing and retaliating against Plaintiffs Smith and Fairfax.

C.  Has any court ever warned or notified you that sanctions could be imposed?   ___ YES  ✗ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

  1.  Court that issued warning (if federal, give the district and division): _____

  2.  Case number: _____

  3.  Approximate date warning was issued: _____

Executed on: September 12, 2020
         DATE

Bobby Smith (BOBBY SMITH) #01546710
(Clifford Feritz)
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this  12th   day of  September  , 20 20 .
         (Day)              (month)              (year)

(Clifford Feritz)
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**